IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>CHEN SEIN & QUYNH PHUNG<br><br><br>Debtors | ) Chapter 13<br>) Case No 11 B 10958<br>)<br>)<br>) Judge     Schmetterer<br>) Trustee    Vaughn |
| CHEN SEIN & QUYNH PHUNG<br><br>Plaintiff,<br><br>-vs-<br><br>CHARTER ONE BANK<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 11 A 00960<br>)<br>)<br>)<br>)<br>) |

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

Following entry of default and taking all allegations of the Complaint as confessed against Defendant Charter One Bank ("Defendant"), the following Findings of Fact and Conclusions of Law are made and will be entered.

### FINDINGS OF FACT

1. The Plaintiffs, Sein Chen & Quynh Phung ("Plaintiffs"), are individuals residing at 2913 S. Emerald Avenue in Chicago, Illinois 60616.

2. Defendant is a mortgage lender.

3. On March 16, 2011, Plaintiffs filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code in the Northern District of Illinois as Case Number 11 B 10958.,

4. Plaintiffs are the owners of real estate (hereinafter called "the real estate") for the real estate commonly known as 2913 S. Emerald Avenue, Chicago, Illinois 60616 and legally described as follows:

Lot 43 in block 4 in Albert Crane's subdivision of the south 3/4
Of the west ¼ of the southwest ¼ of Section 28, Township 39 north,
Range 14, east of the third principal meridian, in Cook County,
Illinois, Tax parcel No.: 17-28-319-006 (the "Debtors' residence)

5. The fair market value at the time of filing of Bankruptcy No. 11 B 10958 of the said real estate was $277,500.00.

6. A First Mortgage lien is currently held by BAC Home Loans as of the date of filing of this case on March 16, 2011, in the amount of $256,000.00.

7. Charter One Bank holds a second mortgage against said real estate With a balance of $44,268.06.

8. Charter one Bank also has a third mortgage in the amount of $30,591.12.

9. Plaintiffs seek, through their Chapter 13 plan, to determine the nature and extent of the third mortgage lien of Charter One Bank and void the third mortgage lien.

10. The amounts owed on the first mortgage of at least $256,000.00 and on the second mortgage of $44,268.06 exceed the value of the underlying property which is $277,500.00.

## **CONCLUSIONS OF LAW**

11. This adversary proceeding arises under §§ 502 and 506 of the United States Bankruptcy Code. This is a core proceeding under 28 U.S.C. § 157(b)(2)(k).

12. Jurisdiction over this Adversary proceeding lies under 28 U.S.C. §151, 157 and 1334 and Local Rule 2.33 of the United States District Court for the Northern District of Illinois, in that this action relates to the Bankruptcy case 11 B 10958, In re Sein Chen & Quynh Phung which is presently pending.

13. Under §506(a) and 506(d), Charter One Bank's third mortgage would be an allowed secured claim to the extent of the value of the estate's interest in the property securing the claim, but it is void to the extent it is not a secured claim.

14. Because the third mortgage lien held by Charter One Bank is wholly unsecured, it should not be allowed as a secured claim and it may be stripped off In re Mann, 249 B.R. 831, 840(1st Cir BAP 2000); In re Pond, 2001 U.S. App. Lexis 11287(2nd Cir. 2001); In re McDonald, 205 F.2d 606(3rd Cir. 2000); Bartee v. Tara Colony Homeowners Assoc., 212 F.3d 277(5th Cir. 2000); In re Lam, 211 B.R. 36(9th Cir. BAP 1357); In re Tanner, 217 F.3d 1357(11th Cir.).

15. Conditional on Debtors' Chapter 13 Plan being confirmed and completed, and Debtors being discharged, the third mortgage lien held

Case 11-00960    Doc 8    Filed 06/20/11    Entered 06/21/11 09:10:04    Desc Main
                          Document      Page 4 of 4

11-00960:6.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 6/1/2011 5:16:47 PM by:Bennett Kahn. Page 4 of 4

by Charter One Bank will by this judgment be a nullity as being wholly unsecured. Said Defendant will file a release of the said lien within 28 days after Debtors receive their discharge. Jurisdiction is reserved to enter supplemental orders quieting title to the real estate as to the third mortgage Lien.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 20th day of June, 2011

JUN 20 2011